**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ROMERO-GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-72058<br><br>Agency No. A079-770-300<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

Petitioner Miguel Romero-Gonzalez ("Petitioner") petitions for review of an

April 17, 2008 order of the Board of Immigration Appeals (BIA), dismissing his

administrative appeal of the Immigration Judge's (IJ) December 13, 2006 decision

finding him removable and denying his application for adjustment of status. The

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

agency denied the petitioner's claim based on its finding that Petitioner failed to establish his physical presence in the United States on December 21, 2000. We have jurisdiction to review the BIA's decision based on 8 U.S.C. § 1252(a) & (b), or Section 242 (a) & (b) of the Immigration and Nationality Act (INA), and we grant the petition.

## I.

Petitioner, a thirty-one-year-old citizen of Mexico, filed an Application to Adjust Status (Form I-485) on April 27, 2004, based on a previously approved Petition for Alien Relative (Form I-130) filed by his United States spouse, Obdulai Gonzalez. Pursuant to this application, Petitioner was interviewed by a District Adjudication Officer (DAO) on September 15, 2004. On his application and at the interview, Petitioner represented that his first departure from the United States after his arrival was a trip to Mexico in December 2000. No detail was provided on either the form or in the interview notes as to the exact day or week in December that this departure occurred. His application for adjustment of status was denied, and the matter was referred for adjudication in removal proceedings.

A merits hearing was held on December 13, 2006 to consider Petitioner's request for relief from removal in the form of adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i) and, alternatively, cancellation of removal. Petitioner

testified that the first time he left the United States was "end of December of 2000," and that he spent Christmas with his wife's family in Walla-Walla, Washington. He further testified that he could not remember how long after Christmas he left for Mexico, but that he made it there by New Years. With regard to his interview with the DAO, Petitioner stated that he was nervous and did not remember everything he was asked during the interview. He further stated that his wife interpreted the questions for part of the interview, but that the DAO then began to address questions directly to Petitioner and urged him to make an effort to remember dates. He emphasized his nervousness, and reiterated that he did not remember the relevant dates. He then testified that he and his wife discussed the interview on the way home, when they realized that he did not provide the DAO with all the correct dates. According to Petitioner, upon realizing this, he did try to seek help from the person who assisted him in filling out the application, but was told that it was too late to make any corrections.

Petitioner's wife, Ms. Romero-Gonzalez, testified that she and Petitioner moved in with her mother during the first week of December 2000. She could not recall how long they stayed at her mother's place before they traveled to Mexico, but she remembered that they spent Christmas with her mother. Petitioner also submitted to the IJ a declaration from his mother-in-law stating that Petitioner and

3

his wife moved in with her during the "first few weeks" of December of 2000, and that they spent Christmas with her.

The IJ issued a decision in which he denied Mr. Romero-Gonzalez's requests for cancellation of removal and for adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i). After summarizing the facts, the IJ concluded that Petitioner failed to credibly establish that he was in the country on December 21, 2000 and was therefore not entitled to 245(i) relief.

Petitioner appealed this decision to the BIA, alleging that the IJ's adverse credibility determination was erroneous. The BIA issued a decision adopting and affirming the IJ's decision that Petitioner had failed to establish his presence within the United States on December 21, 2000.[1] The only issue before us is whether the IJ and BIA's conclusion that Petitioner failed to credibly demonstrate that he was

---

[1]The BIA, in affirming the conclusions of the IJ, relied on INA § 240(c)(4)(C), 8 U.S.C. § 1229a(c)(4)(C). This was erroneous. This provision is an amendment mandated by the REAL ID Act, which only applies to applications for relief from removal made on or after May 11, 2005. *See* REAL ID Act § 101(h)(2). Petitioner's application for adjustment of status was filed on April 27, 2004, and is therefore not subject to the REAL ID Act amendments. We could grant the petition on the basis of this error alone. However, because these statutes were invoked by the BIA pursuant to an alternative finding, we will instead reach the merits of the adverse credibility determination.

present within the United States on December 21, 2000 is supported by substantial evidence.[2]

## II.

Adverse credibility findings are reviewed under the substantial evidence standard. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009); *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008) ("This court reviews factual determinations, including credibility determinations, for substantial evidence."). Credibility findings will be upheld unless evidence compels a contrary result. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). "While the substantial evidence standard demands deference to the IJ, we do not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (internal quotation marks omitted).

---

[2]Petitioner does not discuss in his opening brief the BIA's denial of his request for cancellation of removal. Accordingly, he has waived this issue. *See Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1169 (9th Cir. 2003); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 2003). Thus, the only issue before the panel is whether the BIA correctly determined that the Petitioner is not entitled to adjustment of status under INA 245(i).

**III.**

To be eligible for relief under 245(i), the applicant must be the beneficiary of either a labor certification or petition under INA § 204, 8 U.S.C. § 1154, which was filed on or before April 30, 2001, and, if this petition was filed after January 14, 1998, the applicant must have been physically present in the United States on December 21, 2000. INA § 245(i)(1), 8 U.S.C. § 1255(i)(1). The burden is on the applicant to prove statutory eligibility for adjustment of status. *See* INA § 291, 8 U.S.C. § 1361. Here, the IJ and the BIA determined that the Petitioner did not credibly establish that he was present in the country on December 21, 2000. We conclude that this conclusion is not supported by substantial evidence.

There is no actual inconsistency between the information Petitioner provided to the DAO during his interview and his testimony at the removal hearing. When speaking to the DAO, Petitioner stated only that he could not remember at what time in December he left for Mexico. At the hearing, he again affirmed that he could not remember the exact date, but did recall that he spent Christmas with his wife's family and left for Mexico after that. Thus, while it may be notable that he failed to mention this fact to the DAO agent during the interview, Petitioner did not contradict himself with respect to the critical date during the adjustment of status proceedings. *See Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010) ("Omissions

6

are not given much significance because applicants usually do not speak English and are not represented by counsel.").

The government makes much of the fact that Petitioner failed to tell the DAO that he spent Christmas with his in-laws in Washington.  However, this fact alone cannot support an adverse credibility determination.  There is no record of the interview that took place between the interviewer and the Petitioner, and the cursory notes written by hand at the bottom of the Form I-485 reveal nothing about the way in which the questions asked of Petitioner were framed, or the exact manner in which he answered them.  Moreover, Petitioner offered numerous explanations as to why he may have failed to mention that he spent Christmas with his in-laws in the interview with the DAO.  He testified that he was nervous and uncomfortable with being directly questioned in English, and that he had not had the opportunity to sit down and think about the exact date of his departure.

Both the IJ and the BIA noted Petitioner's failure to provide any corroborative evidence of the fact that he was present in the United States on December 21, 2000.  However, because the IJ's adverse credibility determination was not supported by substantial evidence, corroborative evidence is not required. *See Joseph v. Holder*, 600 F.3d 1235, 1246 (9th Cir. 2010) (holding that, where substantial evidence did not support adverse credibility finding, no corroborative

7

evidence was required).  Moreover, even if corroboration was required, Petitioner's testimony that he was present in the United States until after Christmas in the year 2000 is supported by the testimony of his wife and by the declaration of his mother-in-law.  There is nothing in the record that calls the consistent testimony of these three individuals into question.

## IV.

Petitioner testified that he was in the United States in December 2000 and did not leave for Mexico until after Christmas.  Nothing in the record supports a determination that this testimony was not credible.  Petition **GRANTED**.